UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cr-0045-WTL-KPF |
| | ) | |
| BILLY L. HICKS, JR., | ) | |
|     Defendant. | ) | |

### ORDER

This cause is before the Court on the Government's motion for a pretrial ruling on the admissibility of certain 404(b) evidence (Docket No. 43). As explained in the motion, the Government plans to introduce the following 404(b) evidence: (1) testimony from Defendant's Wayne County probation officer verifying Defendant's probation status at the time of the offense charged in this cause, the termination date of Defendant's probation period, and a scheduled visit at the date and time indicated on the recording of the drug deal; (2) portions of Defendant's BMV driving record showing that Defendant did not have a valid driver's license and that he had a driving case pending at the time of the charged offense; and (3) evidence regarding Defendant's 1998 felony conviction for dealing cocaine and 2002 felony conviction for possession of cocaine.[1] In response,

---

[1] The Government also notes that it intends to introduce evidence of activity that took place after the drug deal where an undercover officer attempted to obtain the amount of cocaine that Defendant allegedly shorted the confidential informant. Although Defendant has not responded to this Government's plan to introduce this evidence, the Court agrees with the Government that this evidence is not 404(b) evidence but rather evidence that is inextricably intertwined with the charged offense that serves to complete the story of the drug deal. *See United States v. Luster*, 480 F.3d 551, 556-57 (7th Cir. 2007). Even if it is 404(b) evidence, the Court would still find it admissible under the four-factor test discussed herein because it would aid in proving identity and knowledge and because the probative value outweighs the potential harm, if any, from admission of the evidence.

Defendant contends that the 404(b) evidence is irrelevant, is directed toward establishing his propensity to commit the charged offense, and is unduly prejudicial.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of an individual in order to demonstrate his propensity to engage in certain conduct. However, such evidence may be admissible for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident." FED. R. EVID. 404(b). The admission of 404(b) evidence must be evaluated under the following four-part test:

> (1) the evidence [must be] directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

*United States v. Williams*, 216 F.3d 611, 614 (7th Cir. 2000).

With respect to the testimony of the probation officer and the BMV records, the Court concludes that the evidence is admissible pursuant to *Williams* and its progeny. First, the evidence is offered for a purpose other than establishing propensity. Specifically, the probation officer's testimony and the BMV records are being offered to establish the identify of the seller. One of the major disputes that the jury will have to resolve is how the confidential informant obtained the drugs, *i.e.*, from Defendant or someone else in the home where the drug deal occurred. Because the confidential informant is now deceased and no longer available to testify, evidence regarding the identity of the speaker on the recorded conversations will be crucial to the Government's case. Although testimony might be available to help identify the seller's voice on the recording as that of Defendant, information from the probation officer and the BMV records can also be used to attempt

2

to verify that Defendant was the seller because the seller discusses on the recordings certain information that allegedly correlates to Defendant's own record. Therefore, the first factor weighs heavily in favor of admission.

The remaining factors also support admission. For instance, although the evidence is not similar to the charged offense, it occurred close in time to the instant offense. In fact, the evidence on the status of defendant's probation, his driving privileges, and the pending driving case involves information that existed contemporaneously with the instant offense. Moreover, based on the circumstances of the proffered evidence and the expected testimony, it appears that there is more than sufficient evidence for a reasonable jury to conclude that the events occurred, or at least existed, at the time of the charged offense. Finally, for the reasons mentioned in the discussion on the first factor, the circumstances are highly probative on the issue of identity, and the Court concludes that the probative value of this evidence outweighs any unfair prejudice that might result from its admission. Therefore, the Court finds that the testimony of the probation officer and the BMV driving records are admissible.

The Court reaches the same conclusion regarding the evidence of the two prior convictions that the Government intends to introduce at trial. While the Court is aware of the Seventh Circuit's note of caution that there is a fine line between propensity and other purposes such as intent, *see United States v. Millbrook*, 553 F.3d 1057, 1063(7th Cir. 2009), each of the four factors described in *Williams* supports admission of the proffered evidence. First, the prior convictions are being offered to establish knowledge and lack of mistake. In other words, the intended purpose for introducing the evidence is to negate possible defense arguments that Defendant was ignorant of the nature of the substances he allegedly sold. As such, the evidence, if believed by the jury, aids in

3

establishing an element that the Government must prove, namely knowledge that the substance was crack cocaine.

The second factor also supports admission. Here, the evidence being offered occurred close in time to the instant offense. Specifically, the two prior convictions were 8- and 4-years-old, respectively. Those times are well-within the range of prior convictions that the Seventh Circuit has permitted. *See, e.g.*, *Millbrook*, 553 F.3d at 1063-64 (upholding admission of twelve-year-old prior conviction); *United States v. Wimberly*, 60 F.3d 281, 285 (7th Cir. 1995). Further, the Court finds that any gaps in time between the offenses and the instant offense are diminished by the fact that Defendant was incarcerated for part of the relevant time period. *See Millbrook*, 553 F.3d at 1063; *United States v. Ross*, 501 F.3d 702, 713 (7th Cir. 2007). Finally, the prior offenses are similar to the instant offense because they involved the same drug, *i.e.*, crack cocaine.

Moreover, the remaining factors support admission. There appears to be more than sufficient evidence for a reasonable jury to conclude that Defendant committed the prior offenses. In addition, like the anticipated testimony of the probation officer and the BMV records, the Court concludes that the probative value of this evidence outweighs any unfair prejudice. Therefore, the Court concludes that the evidence regarding the prior convictions is admissible.[2]

As a final matter, the Court is aware of the benefit and importance of giving limiting instructions. Therefore, consistent with such practice, the Court intends to give limiting instructions

---

[2] Although not argued, the Court notes that the evidence might also be available to impeach the defendant if he testifies at the trial. *See, e.g.*, *United States v. Tolliver*, 454 F.3d 660, 666-67 (7th Cir. 2006).

at the trial in this matter. Such instructions serve to further diminish any potential harm or prejudice from the admission of the Government's proffered 404(b) evidence.

For the foregoing reasons, the Government's motion is **GRANTED**.

IT IS SO ORDERED: 02/26/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Michelle Patricia Jennings
UNITED STATES ATTORNEY'S OFFICE
michelle.jennings@usdoj.gov

Dana Childress-Jones
childressjones@aol.com