UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

UNITED STATES OF AMERICA,              )
           Plaintiff,              )
                                )
      vs.              )              1:08-cr-0045-WTL-KPF
                                )
BILLY L. HICKS, JR.,              )
           Defendant.              )

## ORDER

Defendant Billy L. Hicks, Jr. was charged in the Indictment with knowingly distributing fifty grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  At the close of the Government's case-in-chief and again at the close of all the evidence, Hicks made motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.  The Court took those motions under advisement and submitted the case to the jury, which returned a guilty verdict.  Following the verdict, Hicks orally renewed his motion.

A defendant challenging the sufficiency of the evidence faces a difficult task.  *See United States v. Gallardo*, 497 F.3d 727, 737 (7th Cir. 2007).  In ruling on a Rule 29 motion, the Court must view the evidence in the light most favorable to the Government, keeping in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve conflicts in the evidence, and draw reasonable inferences.  *See Untied States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989).  A judgment of acquittal may be entered "only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict."  *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005).  *See also United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003) (noting similar standard under Rule

29(c) where jury verdict is challenged). If a court reserves ruling on a motion made during trial, it must decide the motion based on the evidence at the time the ruling was reserved. *See* FED. R. CRIM. P. 29(b).

Here, while much of the evidence against Hicks was clearly circumstantial, the Court nonetheless concludes that the Government presented sufficient evidence in its case-in-chief to enable a reasonable juror to find Hicks guilty beyond a reasonable doubt. The evidence and the reasonable inferences to be drawn therefrom demonstrated that Hicks was the target of an undercover investigation, that during recorded conversations with the now-deceased confidential informant he negotiated the price for the sale of cocaine and arranged a meeting place for the distribution of the cocaine, that he discussed pending sales with other clients at a higher price than the one negotiated with the confidential informant, that he met the confidential informant -- who was armed with buy money -- the day of the sale and escorted him into his girlfriend's grandmother's home, and that the confidential informant returned with cocaine minus a substantial portion of the buy money. Although no one actually saw Hicks physically make an exchange of drugs for money, the logical inference was that Hicks either made the sale or, at a minimum, aided and abetted the distribution. Finally, there was no dispute that there were fifty grams or more of drugs involved in the offense. Therefore, the Court finds that the evidence presented during the Government's case-in-chief was sufficient for the jury to conclude that Hicks was guilty of the offense, even it was on the basis of being a mere broker. *See, e.g.*, *United States v. Garcia*, 86 F. App'x 990, 993 (7th Cir. Feb. 5, 2004) (citing *United States v. Hatchett*, 245 F.3d 625, 631 (7th Cir. 2001)).

In addition, the jury could readily conclude that Hicks was not entrapped. Not only did Hicks have prior convictions for the same or similar offenses, but the recorded conversations were

such that the jury could reasonably find that Hicks was predisposed to commit the crime.  The jury could  conclude from this evidence that Hicks was ready and willing to assist the confidential informant with a drug deal and that he did not express any reluctance to commit the crime.  Further, once Hicks did present his case and took the stand in his own defense, he admitted that he "did his part."  The jury was entitled to conclude from that comment that, at a minimum, Hicks aided and abetted the offense.  The jurors were also free to disbelieve Hicks's entreaties that he was coerced or pressured into the offense, particularly to the extent that they found his testimony at odds with his tone and statements on the recorded conversations.

Based on the foregoing, Hicks's motions for judgment of acquittal are **DENIED**.

IT IS SO ORDERED: 07/22/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distributed to:**

Matthias David Onderak
UNITED STATES ATTORNEY'S OFFICE - EV
Matthias.Onderak@usdoj.gov

Dana  Childress-Jones
childressjones@aol.com

3