UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08-cr-45-JMS-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BILLY L. HICKS JR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cr-00045-JMS-MJD |
| | ) | |
| BILLY L. HICKS, JR., | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Billy Hicks, Jr., has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 241. Mr. Hicks seeks immediate release from incarceration. *Id*. For the reasons explained below, his motion is **DENIED**.

**I.      Background**

On June 16, 2020, Mr. Hicks filed a pro se motion for compassionate release. Dkt. 205. The Court appointed counsel to represent him, dkt. 214, and counsel filed an amended motion on his behalf, dkt. 217. In the amended motion, counsel argued that Mr. Hicks had presented extraordinary and compelling reasons warranting immediate release under § 3582(c)(1)(A)(i) because his pre-existing medical conditions put him at risk of experiencing severe symptoms if he contracted COVID-19 and he could not protect himself from infection while incarcerated at FCI Milan. *Id.* On December 10, 2020, the Court denied Mr. Hicks's motion for compassionate release. Dkt. 232. In denying the motion, the Court acknowledged that the United States had conceded that Mr. Hicks had presented a potentially extraordinary and compelling reason warranting release. *Id.* Nonetheless, it denied Mr. Hicks's motion because it determined that he would be a danger to the

community if released and because the sentencing factors in 18 U.S.C. § 3553(a) did not favor release. *Id.* The Court recognized Mr. Hicks's accomplishments during his incarceration (including his educational accomplishments) but ultimately decided that the facts—when considered as a whole—did not warrant release. *Id.*

On January 4, 2021, Mr. Hicks filed a notice of appeal with respect to the Court's Order denying his motion for compassionate release. *See* dkt. 237. As of the writing of this Order, that appeal remains pending. *See* No. 21-1023 (7th Cir.).

On January 11, 2021, Mr. Hicks filed a renewed motion for compassionate release. Dkt. 241. That motion is presently before the Court.[1]

## II.     Discussion

Mr. Hicks seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 241. As he did in his first motion, Mr. Hicks argues that his medical conditions put him at risk of experiencing severe symptoms if he contracts COVID-19. *Id.*

### A.     *Effect of Pending Appeal*

Before addressing the merits of Mr. Hicks's motion for compassionate release, the Court addresses a threshold issue: the effect of his pending appeal on this case. "Ordinarily, the filing of a timely notice of appeal from a final judgment ousts the district court of jurisdiction to proceed further in the case except in aid of appeal." *United States v. Ellison*, 557 F.2d 128, 132 (7th Cir. 1977); *see also United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) ("a district court may not interfere with this court's jurisdiction by amending a decision that is under appellate review"). This general rule is, however, subject to "the exception that a district court may consider such

---

[1] The Court concludes that it does not require a response from the United States to decide the issues presented by Mr. Hicks's motion.

matters as authorized by statute or rule." *Ellison*, 557 F.2d at 132. One such rule is Federal Rule of Criminal Procedure 37(a), which provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The rule does not define "substantial issue," but the Committee Notes to the 2011 Amendment state:

> Often it will be wise for the district court to determine whether in fact it would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances, the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal.

Fed. R. Crim. P. 37 (Committee Notes to 2011 Amendment).

If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must promptly notify the circuit clerk. Fed. R. App. P. 12.1(a). The court of appeals may then remand for further proceedings. Fed. R. App. P. 12.1(b).

Rule 37(a) gives this Court jurisdiction to deny Mr. Hicks's motion for compassionate release on the merits. *Cf. Ellison*, 557 F.2d at 132 (concluding that, by expressly prohibiting district courts from granting motions for new trial during the pendency of a direct appeal, Fed. R. Crim. P. 33, by negative implication, authorizes district courts to entertain such motions and deny them without seeking leave from the court of appeals); *see also United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (collecting cases and explaining

4

that, under Second Circuit precedent, district courts may deny, but not grant motions over which they lack jurisdiction due to a pending appeal); *United States v. Elmer*, No. 1:17-cr-113-JRS-TAB-1, dkt. 258 at 4–6 (S.D. Ind. Sept. 10, 2020) (concluding that Rule 37(a) gave the court jurisdiction to deny defendant's motion for compassionate release on the merits while his direct appeal was pending). For the reasons explained in Part B, below, the Court concludes that Mr. Hicks's motion for compassionate release would be denied on the merits even if he had not filed his direct appeal. Thus, the Court exercises its discretion to deny the motion under Rule 37(a)(2).[2]

       B.     *Merits of Compassionate Release Motion*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

---

[2] As explained, the Court concludes that Rule 37(a)(2) gives it jurisdiction to deny Mr. Hicks's motion for compassionate release on the merits. In the event the Seventh Circuit determines that this Court lacks jurisdiction to deny the motion for compassionate release without permission, the Court states that this Order should be understood as an indicative ruling under Rule 37(a)(3) that finds that the Court would deny Mr. Hicks's motion for compassionate release if the Seventh Circuit were to remand the case for further proceedings.

The Court ultimately possesses broad discretion to determine what constitutes an "extraordinary and compelling reason" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). That said, in keeping with the Seventh Circuit's direction in *Gunn*, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in U.S.S.G. § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. *Id.* at 1180.

The Court denied Mr. Hicks's motion for compassionate release approximately a month ago. Dkt. 232. In his renewed motion, Mr. Hicks provides no new facts or arguments supporting compassionate release. Instead, he restates the arguments already made in connection with his first compassionate release. *See* dkt. 241. Accordingly, the Court concludes that Mr. Hicks's renewed motion must be denied for the same reasons stated in its Order of December 10, 2020. *See* dkt. 232.

### III. Conclusion

For the reasons stated above, Mr. Hicks's renewed motion for compassionate release, dkt. [241], is **denied**.

**IT IS SO ORDERED.**

Date: 1/14/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Billy L. Hicks, Jr.
Reg. No. 08876-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160