UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cr-00045-JMS-MJD |
| | ) | |
| BILLY L. HICKS, JR., | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion for Sentence Reduction/Compassionate Release**

Defendant Billy L. Hicks, Jr. has filed a motion seeking a sentence reduction and/or compassionate release under the First Step Act of 2018. Dkt. 255. In the motion, he seeks relief under two sections of the First Step Act: § 404 and § 603. For the reasons stated below, his motion is **denied**.

**I.   Background**

Mr. Hicks was indicted on March 19, 2008, for distribution of 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §841(a)(1). Dkt. 1. A week later, an Information was filed pursuant to 21 U.S.C. §851(a)(1) due to his previous felony drug convictions. Dkt. 7. A jury found Mr. Hicks guilty in July 2009, and he was sentenced to life imprisonment. Dkts. 88, 94. On appeal, the conviction was vacated, dkt. 128, a new trial was scheduled, and on March 1, 2012, Mr. Hicks filed a plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), dkt. 160. Pursuant to the agreement, the government moved to withdraw the § 851 Information as to two of his three felony drug convictions. Dkt. 160. On July 23, 2012, Mr. Hicks moved to withdraw his guilty plea. Dkt. 172. After a revised plea agreement

was signed pursuant to Rule 11(c)(1)(C), Mr. Hicks withdrew his motion to withdraw guilty plea. Dkts. 176, 178.

Mr. Hicks had an advisory guidelines range of 292-365 months, dkt. 165 (PSR ¶ 73); however, the acceptance of the binding plea agreement required a sentence of 300 months. *Id.* ¶ 6. With 15 criminal history points, he was placed in criminal history category VI. *Id.* ¶ 37. As a career offender, his offense level was found to be 37, *id.* ¶ 20, which included an 11-level enhancement for career offender status and acceptance of responsibility, *id.* ¶ 22. On October 2, 2012, the Court sentenced Mr. Hicks to a term of 300 months imprisonment to be followed by five years of supervised release. Dkt. 182.

On June 16, 2020, Mr. Hicks filed a pro se motion for compassionate release. Dkt. 205. The Court appointed counsel to represent him, dkt. 214, and counsel filed an amended motion on his behalf, dkt. 217. In the amended motion, counsel argued that Mr. Hicks had presented extraordinary and compelling reasons warranting immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) because his pre-existing medical conditions put him at risk of experiencing severe symptoms if he contracted COVID-19, and he could not protect himself from infection while incarcerated at FCI Milan. *Id.* On December 10, 2020, the Court denied Mr. Hicks's motion for compassionate release. Dkt. 232. In denying the motion, the Court acknowledged that the United States had conceded that Mr. Hicks had presented a potentially extraordinary and compelling reason warranting release. *Id.* Nonetheless, it denied Mr. Hicks's motion because it determined that he would be a danger to the community if released and because the sentencing factors in 18 U.S.C. § 3553(a) did not favor release. *Id.* The Court recognized Mr. Hicks's accomplishments during his incarceration (including his educational accomplishments) but ultimately decided that the facts—when considered as a whole—did not warrant release. *Id.* Mr.

Hicks's appeal of the Court's denial order was dismissed by the Seventh Circuit for procedural reasons. Dkt. 252.

In October 2022, Mr. Hicks filed the instant "motion for sentence reduction pursuant to Section 404 of the First Step Act of 2018 and Amendment 782." Dkt. 255. In his motion, Mr. Hicks argues that he is entitled to a sentence reduction under § 404 because he was sentenced for a "covered offense" as defined by the Fair Sentencing Act of 2010 (Public Law 11 1220; 124 Stat. 2372), that was committed before August 3, 2010. Dkt. 255 at 9. According to Mr. Hicks, his post-Fair Sentencing Act sentencing range is 10 years to life imprisonment. *Id.* at 12, 13. Mr. Hicks also argues that, under current law, his prior convictions would no longer qualify to make him a career offender. *Id.* at 15-16. Because he would no longer qualify as a career offender, he further argues that he would be entitled to a two-level guidelines reduction pursuant to Amendment 782.[1] *Id.* at 16. As a result, Mr. Hicks argues that his sentence should be reduced to 120 months. *Id.* at 17. Mr. Hicks further argues that his sentence should be reduced to avoid a sentencing disparity between himself and those that were sentenced after the First Step Act was implemented. *Id.*[2] Finally, Mr. Hicks argues that his risk of recidivism is low, and he has substantially rehabilitated

---

[1] The Court does not understand Mr. Hicks to be arguing that Amendment 782 is an independent basis for reducing his sentence. To the extent that Mr. Hicks is asking for a sentence reduction under 18 U.S.C. § 3582(c)(2) because the provisions of Amendment 782 apply to him, that request is **denied without prejudice**. If Mr. Hicks believes he is entitled to relief on that basis, he is advised to file a separate motion identifying the basis for such.

[2] Mr. Hicks also references the EQUAL Act of 2021 which seeks to eliminate the disparity in authorized sentences for offenses involving crack versus powder cocaine. Dkt. 255 at 20. Mr. Hicks states that the bill is currently pending before Congress. The Court does not understand Mr. Hicks to be separately seeking a reduction of sentence based on the EQUAL Act; rather, it appears he cites to the bill as support for his argument about sentencing disparity. Even if he did intend to separately seek a reduction based on the bill, the Court declines to exercise its discretion under 18 U.S.C. § 3582(c)(1)(A)(i) to find that the pendency of potential legislation that could reduce Mr. Hicks's sentence is an extraordinary and compelling reason to reduce his sentence at this time.

himself while in prison. Dkt. 255 at 21-24. The Court concludes that it can resolve the motion without a response from the United States.

## II.  Request for Relief Under § 404

Mr. Hicks seeks relief under § 404 of the First Step Act. Section 404 "created an avenue for those sentenced before August 3, 2010, to seek retroactive application of the Fair Sentencing Act." *United States v. McSwain*, 25 F.4th 533, 535 (7th Cir. 2022). Section 404(b) of the First Step Act "authorizes—but does not require—district courts to reduce the punishment for crack cocaine offenses that occurred before August 3, 2010, using the Fair Sentencing Act's shorter sentences." *Id.* at 535–36. Specifically, § 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222 (Dec. 21, 2018). "Covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.*, § 404(a), 132 Stat. at 5222. "[T]he decision whether to reduce a defendant's sentence, and by how much, is a decision committed to the discretion of the district court." *McSwain*, 25 F.4th at 537.

Sentence reduction under § 404 is a "two-step inquiry." *Id.* First, the court must consider "whether the defendant is eligible for a sentence reduction." *Id.* (cleaned up). Second, "if the defendant is eligible, then the court faces the question of whether it *should* reduce the sentence." *Id.* (cleaned up). Relief is not available under § 404 if (1) the defendant's sentence was already imposed or reduced under the Fair Sentencing Act; or (2) a court has already denied a motion for sentence reduction under § 404 after a complete review of the motion on the merits. 132 Stat. at 5222 (First Step Act § 404(c)).

4

Mr. Hicks argues that he is eligible for relief under § 404 because the Fair Sentencing Act modified the statutory penalties for his crime of conviction. Specifically, he contends that, when he was originally sentenced in 2009, he was facing a mandatory life sentence, but under the Fair Sentencing Act, his mandatory minimum sentence was lowered to only 10 years.

Mr. Hicks is correct that when he was originally sentenced in 2009, he was not sentenced pursuant to the Fair Sentencing Act. However, in 2011, his case was remanded by the Seventh Circuit with instructions to re-try Mr. Hicks. Mr. Hicks subsequently pled guilty pursuant to a plea agreement and was resentenced. After remand, counsel for Mr. Hicks sought and received an adjournment of Mr. Hicks's plea/sentencing hearing until after the Supreme Court issued its opinion in *Dorsey v. United States*, 567 U.S. 260, 269–70 (2012), which held that the Fair Sentencing Act applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. Dkt. 170. The 2012 plea agreement—entered into after the *Dorsey* opinion was issued—explicitly acknowledged that the mandatory minimum sentence was 10 years, dkt. 178 at 2, and the 10-year mandatory minimum and the application of the Fair Sentencing Act were also explicitly discussed at the 2012 change-of-plea and sentencing hearing, dkt. 200 at 5.[3] Thus, the record is clear that, when he was sentenced again in 2012, Mr. Hicks was facing only a mandatory minimum of 10 years imprisonment and was sentenced pursuant to the Fair Sentencing Act. Accordingly, because at the time of his sentencing Mr. Hicks received the

---

[3] The hearing transcript reflects that Mr. Hicks's counsel asked that the presentence investigation report be amended to reflect that the sentencing range was 10 years to life, stating, "The intervention of the Dotson case, as the plea agreement reflects, would cause the sentencing range to be ten to life in this case." Dkt. 200 at 5. Although the transcript refers to "Dotson," it is apparent from the context that the parties were actually discussing *Dorsey*, 567 U.S. at 269–70, which addressed the application of the Fair Sentencing Act to a defendant—like Mr. Hicks—who was sentenced after August 3, 2010 but committed his crime before that date.

5

benefit of the Fair Sentencing Act and was already subject to the 10-year mandatory minimum that he now argues should apply, he is not eligible for relief under § 404.

### III.   Request for Relief Under § 603

In his motion, Mr. Hicks also appears to seek relief under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). Under that provision, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hicks contends that extraordinary and compelling reasons support a sentence reduction in his case because, after he was sentenced, the First Step Act amended his statute of conviction (21 U.S.C. § 841), and he would face a lower mandatory minimum sentence if sentenced under the amended version of § 841. *Id.* at 15-16. Mr. Hicks further argues that his sentence should be reduced to avoid a sentencing disparity between himself and those that were sentenced after the First Step Act was implemented. *Id.*  Finally, Mr. Hicks argues that his risk of recidivism is low, and he has substantially rehabilitated himself while in prison.

None of these reasons are an extraordinary and compelling reason to grant compassionate release, whether considered separately or together with any other reason. First, the changes to § 841 were not retroactive, *see United States v. Jackson*, 940 F.3d 347, 353 (7th Cir. 2019), and

Mr. Hicks's argument that he has shown extraordinary and compelling reasons warranting relief under § 603 because he might receive a lower sentence if sentenced today is foreclosed by binding Seventh Circuit precedent.[4] As recently summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions . . . . There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up). And, for the same reason, the disparity between the sentence Mr. Hicks received and the sentences received by defendants convicted after enactment of the First Step Act is not an extraordinary and compelling reason for relief under § 603.

Second, many inmates also have a low risk of recidivism; this is not extraordinary. Finally, while the Court commends Mr. Hicks for all the good work he has done in prison, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C.

---

[4] To the extent Mr. Hicks did not intend for this to be an extraordinary and compelling reason for compassionate release under § 603 of the First Step Act, but instead seeks direct relief pursuant to § 401 of the First Step Act, that argument is also unavailing. Mr. Hicks is correct that § 401 of the First Step Act lowered the mandatory minimum sentences for certain convictions under § 841. But Congress explicitly chose not to make the changes to § 841 apply retroactively to sentences imposed before the First Step was enacted on December 21, 2018. *See* 132 Stat. at 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). Thus, Mr. Hicks is not entitled to the benefit of § 401. *See Jackson*, 940 F.3d at 353–54.

§ 994(t). The Court does not find that Mr. Hicks's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### IV.  Conclusion

For the reasons stated above, Mr. Hicks's motion for sentence reduction/compassionate release, dkt. [255], is **denied**.

**IT IS SO ORDERED.**

Date: 1/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Billy L. Hicks, Jr.
Register Number: 08876-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

All Electronically Registered Counsel