UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08-cr-00045-JMS-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BILLY HICKS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cr-00045-JMS-MJD |
| | ) | |
| BILLY L. HICKS, JR., | ) -1 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Billy Hicks has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 265. For the reasons explained below, his motion is **DENIED**.

## I.
## Background

Mr. Hicks was indicted on March 19, 2008, for distribution of 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §841(a)(1). Dkt. 1. A week later, an Information was filed pursuant to 21 U.S.C. §851(a)(1) due to his previous felony drug convictions. Dkt. 7. A jury found Mr. Hicks guilty in July 2009, and he was sentenced to life imprisonment. Dkts. 88, 94. On appeal, the conviction was vacated, dkt. 128, a new trial was scheduled, and on March 1, 2012, Mr. Hicks filed a plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), dkt. 160. Pursuant to the plea agreement, the government moved to withdraw the § 851 Information as to two of his three felony drug convictions. Dkt. 160. On July 23, 2012, Mr. Hicks moved to withdraw his guilty plea. Dkt. 172. After a revised plea agreement was signed pursuant to Rule 11(c)(1)(C), Mr. Hicks withdrew his motion to withdraw guilty plea. Dkts. 176, 178. Mr. Hicks had an advisory guidelines range of 292 to 365 months

2

imprisonment, dkt. 165 at 15; however, the parties agreed in the plea agreement to a sentence of 300 months. Dkt. 178 at 2. With 15 criminal history points, Mr. Hicks was placed in criminal history category VI. Dkt. 165 at 10. As a career offender, his offense level was found to be 35, which included an 11-level enhancement for career offender status and a two-level subtraction for acceptance of responsibility. *Id.* at 5. On October 2, 2012, the Court sentenced Mr. Hicks to a term of 300 months imprisonment to be followed by five years of supervised release. Dkt. 182.

In 2020, Mr. Hicks filed a *pro se* motion for compassionate release. Dkt. 205, 217. In his motion, he argued that he had presented extraordinary and compelling reasons warranting immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) because his pre-existing medical conditions put him at risk of experiencing severe symptoms if he contracted COVID-19, and he could not protect himself from infection while incarcerated at FCI Milan. Dkt. 217. The Court denied Mr. Hicks's motion for compassionate release. Dkt. 232. In denying the motion, the Court acknowledged that the United States had conceded that Mr. Hicks had presented a potentially extraordinary and compelling reason warranting release. *Id.* Nonetheless, it denied Mr. Hicks's motion because it determined that he would be a danger to the community if released and because the sentencing factors in 18 U.S.C. § 3553(a) did not favor release. *Id.* Mr. Hicks's appeal of the Court's denial order was dismissed by the Seventh Circuit for procedural reasons. Dkt. 252.

In October 2022, Mr. Hicks filed a "motion for sentence reduction pursuant to Section 404 of the First Step Act of 2018 and Amendment 782." Dkt. 255. Among other things, Mr. Hicks argued in his motion that he was entitled to a sentence reduction under § 404 because he was sentenced for a "covered offense" as defined by the Fair Sentencing Act of 2010 (Public Law 11 1220; 124 Stat. 2372), that was committed before August 3, 2010. Dkt. 255 at 9. According to Mr. Hicks, his post-Fair Sentencing Act sentencing range is 10 years to life imprisonment. *Id.* at

3

12-13. The Court rejected Mr. Hicks's § 404 claim on the merits because, when he was sentenced in 2012, Mr. Hicks had received the benefits of the Fair Sentencing Act of 2010 and was therefore not eligible for relief under § 404. Dkt. 256 at 5–6. Mr. Hicks again appealed the Court's denial order, and his appeal was dismissed on procedural grounds. Dkt. 263.

Mr. Hicks has filed the instant motion *pro se*. Dkt. 265. Mr. Hicks argues that he establishes extraordinary and compelling reasons for compassionate release because changes in the law, specifically the Fair Sentencing Act of 2010 and § 404 of the First Step Act, have resulted in a gross disparity between the sentence he received and the sentence he would receive today. *Id.* The Bureau of Prisons ("BOP") currently lists Mr. Hicks's anticipated release date (with good-conduct time included) as September 15, 2028. https://www.bop.gov/inmateloc/ (last visited February 27, 2024). The Court has concluded that it can resolve the motions without a response from the United States.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v.*

*Newton*, 996 F.3d 485, 488 (7th Cir. 2021).  On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.  *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Hicks contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him.  Specifically, he argues that he would be subject to a lower mandatory minimum sentence under § 404 of the First Step Act if he were sentenced today.  He states that the mandatory minimum sentence that applied his offense was lowered by the Fair Sentencing Act of 2010 and applies to him because § 404 made this change retroactive.

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors.  *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction).  As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("'Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction.'") (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022)). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited February 27, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be,

6

however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Hicks's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Hicks has not pointed to any change in the law which would result in a disparity between the sentence he received and the sentence he would receive today. As explained in the Court's previous order, Mr. Hicks is ineligible for relief under § 404 because he was already sentenced under the provisions of the Fair Sentencing Act in his resentencing in 2012. Simply put, there is no disparity between the sentence Mr. Hicks received and the sentence he would receive today because he was sentenced under current law. Congress's adoption of these statutes in the time since Mr. Hicks's offense cannot constitute an extraordinary and compelling reason for release because Mr. Hicks's has already received all the benefits of those statutes available to him. For this reason, the Court finds that Mr. Hicks has not carried his burden to show that a difference between the sentence he received and the sentence he would receive today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.[1]

---

[1] To the extent that this motion is construed as a motion for a sentence reduction under § 404 of the First Step Act, the request is **summarily denied.** § 404 allows courts to reduce sentences for certain defendants convicted of crimes involving crack cocaine by retroactively applying the amended statutory penalties made by sections 2 and 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). § 404(c) provides that, "[n]o court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *See also Concepcion v. United States*, 142 S. Ct. 2389, 2401–02 (2022) ("A district court may not consider a [§ 404] First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act."). Mr. Hicks filed a motion for sentence reduction under § 404, dkt. 255, and the Court denied the motion after considering it on the merits in 2023, dkts. 256. For that reason, the Court cannot hear another motion under § 404.

Even if the Court were to assume that Mr. Hicks had established an extraordinary and compelling reason for a sentence reduction, however, the Court would nevertheless find that Mr. Hicks is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2]  Weighing in his favor, he earned his GED while in the BOP. Dkt. 255-2 at 2.  He has engaged in a large number of educational classes while incarcerated, including drug education.  *Id.*  Additionally, he has employment arranged if he were released.  Dkt. 217-4 at 1.  Weighing against him, Mr. Hicks committed a serious crime and has an extensive criminal history consisting of four prior felony convictions including dealing in cocaine or a narcotic drug, dealing in cocaine within 1000 feet of a public park, and theft.  Dkt. 165 at 6–10. Further, Mr. Hicks is not scheduled to be released from prison until September 2028; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Hicks early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

---

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

## III.
## Conclusion

For the reasons stated above, Mr. Hicks's motion for compassionate release, dkt. [265], is **denied**.

**IT IS SO ORDERED.**

Date: 2/29/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Billy Hicks
Register Number: 08876-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

9